Eastern Dist,  *Ripley & Conrad* for the plaintiff—*Eustis*
January 1829  for the defendants.

*BALFOUR vs. CHINN.*

When a de-  APPEAL from the court of the 3d district—
mand is in
the alterna-  the judge of said district presiding.
tive, for a
slave, or his
value,  the  PORTER, J. delivered the opinion of the
jury  may
find a verdict court. The petitioner sues for a slave in the
in favour of
the plaintiff, possession of the defendant, which she avers to
for the slave,
and  at  the  be her property.
same  time
assess his va-  He pleads that he bought the property at
lue.
A possessor
in good faith a sheriff's sale, in pursuance of an execution
is  only  re-
sponsible for issued at the suit of Dicks, Booker & co.
the fruits
from judicial against Wm. Balfour, who now resides per-
demand.
manently out of the state of Louisiana. He

further denies all the allegations in the peti-

tion, and prays that Dicks, Booker & co. may

be cited in warranty.

They were cited, appeared in warranty, and

pleaded the general issue.

The cause was submitted to a jury in the

court of the first instance, who found a verdict

in favour of the plaintiff for the slave, or in

case of his failure to deliver him, for five hun-

dred dollars, and one hundred dollars a year

for his hire, from the time he came into the

possession of the defendant until delivered.

The court rendered judgment in conformity with the verdict, and the defendant and interpleaders appealed.

The first question in the cause is, as to the propriety of admitting in evidence, the copy of the record and judgment in a suit between the plaintiff and defendant for the slave now sued for. It is urged that altho' this evidence was correctly received as between the original parties, it could not affect Dicks, Booker &c. co. the warrantors. Admitting it could not, it was properly received as between plaintiff and defendant, and the correctness of the decree as between them, is alone presented for our decision. No judgment, over against the warrantors, was given in the court below.

It is objected in the points filed, that the jury erred in finding the value of the slave; but we are unacquainted with any rule of our law which forbid them doing so, when the suit is in the alternative for the property, or its value. It is unnecessary to examine whether the pleadings, in this instance, authorised the verdict, as the point was abandoned on the argument before this court.

BALFOUR
*vs.*
CHINN.

The jury found a verdict for the hire of the slave from the time he came into the possession of the defendant, and in this we think they erred.    He bought at sheriff's sale, previous to the decree of the court introduced in evidence in this cause, and like other possessors in good faith he is only responsible for the fruits of the thing sued for, from judicial demand.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover from the defendant the slave mentioned in the petition, and that on failure of his delivering the same, that he pay to the said plaintiff the sum of five hundred dollars.    It is further ordered and decreed, that the plaintiff do recover from the defendant one hundred dollars a year, from the 12th July, 1827, until the date of the delivery of the negro, or the payment of five hundred dollars, his value; the defendant to pay the costs of the court of the first instance, and the plaintiff those of appeal.

*Peirce* for the defendant.